Francesca Freccero  
Assistant Federal Public Defender  
Francesca_Freccero@fd.org  
101 S.W. Main Street, Suite 1700  
Portland, Oregon 97204  
(503) 326-2123 Telephone  
(503) 326-5524 Facsimile  

Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>               v.<br><br>JEFFREY LEON BATTLE,<br><br>                              Defendant | No.3:02-cr-00399-JO-1<br><br>MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

    Jeffrey Leon Battle, Defendant in the above-entitled case, through his attorney, Francesca Freccero, moves the Court for an order pursuant to 18 U.S.C. § 3583(e)(1) terminating his supervised release, on the grounds that termination of supervised release is warranted by his conduct and is in the interests of justice.

    Mr. Battle discussed this motion and provided all of the supporting materials to the U.S. Probation Office and to the U.S. Attorney's Office before

Page 1    MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

filing the instant Motion. Those offices will advise this Court of their positions.

## FACTS

Eighteen years ago, Mr. Battle pleaded guilty to a violation of 18 U.S.C. § 2384 and was sentenced to almost the maximum twenty-year term. He served his time peacefully and sought training and education opportunities. Two years ago, he was released from physical custody to reside at the Northwest Regional Reentry Center (NWRRC). In April 2019, he moved into a clean and sober residence, "Rex House," and has lived there ever since. (Memorandum Regarding Termination of Supervised Release (Battle Memo), 1).[1] He has complied with every requirement of his supervised release.

Mr. Battle has consistently impressed his house manager and recovery center director with his diligence. He goes out of his way to mentor new residents, he balances his responsibilities, and he has made advances in his employment. They praise Mr. Battle for consistently meeting rent deadlines and often making payments early, and for the leadership roles he has taken in regard to other tenants. Mountain View Recovery would even consider him for a management position if one opened.

---

[1] The facts cited in this Memorandum are detailed in the accompanying Memorandum Regarding the Termination of Supervised Release (Battle Memo) and its Accompanying Exhibits. Repetitive citations are omitted, except to specific exhibits.

Page 2    MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Almost immediately upon release from the Bureau of Prisons, Mr. Battle began employment at Duck Delivery working approximately 33 hours a week.  Throughout his time at Duck Delivery, he received pay raises and attended Western Pacific Truck School of Oregon, ultimately earning his Professional Truck Driver Certificate on August 1, 2019. Mr. Battle made a positive impact on his classmates and one, Robert Brooks, described Mr. Battle as his "personal class motivator" to help him through the course. (Battle Memo, Exhibit F, Letters of Support).  When Duck Delivery's hours no longer were compatible with Mr. Battle's training at Western Pacific Truck School of Oregon, he worked through Labor Works in Portland, which accommodated his full-time school schedule.  Then, Mr. Battle also began work at a second, higher-paying job at CrossPoint NW in September 2020. He has maintained both positions and complied with all employment policies.

Mr. Battle attempted to shore up his family support while serving his prison sentence.  He transferred within the Bureau of Prisons to Florida to be closer to his family, but those ties were not what he hoped they would be.  He now wishes to move to Ecuador where his intended wife, Deida Dominga Arroyo Dalffo, and her four children live.  However, Mr. Battle is not permitted to travel internationally while on supervised release for his offense of conviction.

Ms. Arroyo Dalffo lives with her daughters and she purchased additional land which she uses for farming. She supplements her farm income selling craft art and homemade goods and food. She has been saving funds so that, when Mr. Battle arrives in Ecuador, he will be able to open a business using his culinary skills. (Exhibit I, Culinary Certificates). Mr. Battle and Ms. Arroyo Dalffo also have created a nonprofit organization for the community work Ms. Arroyo Dalffo already is engaged in, feeding and clothing her homeless neighbors. They developed Fundación Afrodescendientes Yahuda de Ayuda y Caridad (FAYAC) to help the homeless community in Ecuador, abused women and children, and to assist previously incarcerated persons in their transitions back into the community. If permitted by this Court, Mr. Battle hopes to live with Ms. Arroyo Dalffo and her children in Ecuador, assist her with her artisan and fruit stands, teach English, and continue their nonprofit work through FAYAC.

## APPLICABLE LAW

Under 18 U.S.C. § 3583(e),

> The court may, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> > (1) Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the

>modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Modification of supervised release is governed by Rule 32.1(c) of the Federal Rules of Criminal Procedure. Rule 32.1(c) provides, in part, that a hearing is not required if the relief to be granted to the person on probation or supervised release is favorable to the person, and the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected.

The factors that the Court is directed to consider under 18 U.S.C. § 3583(e) include:

- the nature and circumstances of the offense and the history and characteristics of the defendant; 18 U.S.C. § 3553(a)(1);

- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; 18 U.S.C. § 3553(a)(2)(A);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct; 18 U.S.C. § 3553 (a)(2)(B);

- the need to protect the public from further crimes of the defendant; 18 U.S.C. § 3553(a)(2)(C);

- the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 18 U.S.C. § 3553(a)(2)(D);

- the kinds of sentence and sentencing range established for the applicable category of offense as set forth in the sentencing guidelines; 18 U.S.C. § 3553(a)(4);

- any pertinent policy statements issued by the Sentencing Commission; 18 U.S.C. § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among similar defendants; 18 U.S.C. § 3553(a)(6); and

- the need to provide restitution to victims; 18 U.S.C. § 3553(a)(7).

Each of the statutory factors favor termination of Mr. Battle's supervised release. Mr. Battle began his rehabilitation while still in custody, earning his GED and completing many other programs. (Exhibit A, BOP Certificates). After his release, Mr. Battle has maintained sobriety, stability, and complied with every aspect of his release plan. After such a long sentence, his success at transitioning back into the community has been remarkable. Furthermore, not only has he helped himself, he also has shared his experience and resources with others, as a mentor. As demonstrated by the letters of support, as well as feedback from house managers and program directors, Mr. Battle has a consistently positive impact on those around him.

Mr. Battle has no outstanding restitution. He has paid his bills and financially supported those persons he hopes will be his family.

Supervision is no longer necessary to protect the public from further crimes of Mr. Battle, or to provide him with further educational or vocational training, medical care or other correctional treatment. He is 51 years old. He has demonstrated his dedication to continued education and being of service

to those around him. Mr. Battle's maturity, conduct, and the interests of justice favor the termination of his supervised release.

Mr. Battle seeks early termination so that he can be permitted to travel to Ecuador, where he anticipates finally living with the people who will make up his family.  He served his sentence, and it was very long.  He has done all that this Court could have expected of him upon imposing sentence.  No one has a critical word to offer against him.  He seeks only to cultivate the kind of familial support and love that he has not been able to engage in for the past twenty years.  Mr. Battle is hopeful that this Court will allow him to go.

## CONCLUSION

For those reasons, Mr. Battle respectfully requests that this Court enter an order terminating his supervised release and discharging him.

Respectfully submitted on February 4, 2021.

/s/ Francesca Freccero
Francesca Freccero
Assistant Federal Public Defender


/s/ Olivia Buscho
Olivia Buscho
Law Clerk